UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LARRY SCHULER,

                                Plaintiff,

  -against-

NIAGARA MOHAWK PENSION PLAN,
RETIREMENT PLANS COMMITTEE OF NATIONAL
GRID USA SERVICE COMPANY, INC, and
NATIONAL GRID USA SERVICE COMPANY, INC.,

                                Defendants.

**VERIFIED COMPLAINT**

Civil Action No.
5:20-CV-1352(BKS/ATB)

---

Plaintiff, Larry Schuler, by and through his attorneys, the Lynn Law Firm LLP, complaining of the defendants, Niagara Mohawk Pension Plan (the "Plan"), National Grid USA Service Company, Inc. ("National Grid,"), and Retirement Plans Committee of National Grid USA Service Company, Inc. ("Retirement Plans Committee" and, collectively with the Plan and National Grid, the "Defendants"), upon information and belief, alleges and respectfully shows to the Court as follows:

## PARTIES

1. Plaintiff, Larry Schuler, is an individual and resident of Onondaga County.

2. Upon information and belief, Defendant National Grid USA Service Company, Inc. is a Massachusetts corporation with a principal place of business at One MetroTech Center, Brooklyn, NY 11201 and an agent for service of process of Corporation Service Company, 80 State Street, Albany, New York 12207.

3. Upon information and belief National Grid is the sponsor of the Plan.

4. Upon information and belief, Defendant Retirement Plans Committee of National Grid USA Service Company, Inc. is a Massachusetts corporation with a principal place of business at One MetroTech Center, Brooklyn, NY 11201 and an agent for service of process of Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Upon information and belief, Defendant Retirement Plans Committee is the administrator of the Plan.

6. Upon information and belief, Niagara Mohawk Pension Plan is an employee benefits plan for employees and former employees of Niagara Mohawk/National Grid.

7. Plaintiff is a participant in the Plan.

## JURISDICTION AND VENUE

8. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this claim is brought under federal statutes, including ERISA § 502(a)(1)(B).

9. The court has personal jurisdiction over defendants because the cause of action accrued in the State of New York and defendants' principal place of business is in New York.

10. Venue is proper in this district because plaintiff is a resident of the district.

## FACTUAL ALLEGATIONS

11. Larry Shuler began working at Niagara Mohawk in 1984.

12. As a Niagara Mohawk employee, he was entitled to and did receive the benefits of his job, including participation in the Plan.

13. Larry Shuler worked at Niagara Mohawk for more than 13 years.

14. In 1994, plaintiff was injured in an on-the-job accident. In 1997, he retired due to the injury.

15. Plaintiff received, and continues to receive, worker's compensation benefits due to the injury.

16. Under the Plan, Mr. Schuler was entitled to receive retirement benefits when he turned 65.

17. The Plan calculated these benefits to be $687.58 per month. See Exhibit A.

18. Mr. Schuler timely submitted his claim for benefits upon turning 65 in the summer of 2019.

19. On or about September 1, 2019, Defendants denied the claim on the basis that the Plan was entitled to an offset for Mr. Schuler's worker's compensation benefit. Id. Upon information and belief, Mr. Schuler received this notice in mid-September of 2019.

20. Mr. Schuler submitted a written appeal of this decision on or about November 1, 2019. See Exhibit B.

21. Mr. Schuler has never received a response to this appeal.

22. Mr. Schuler has been provided a copy of the "Summary Plan Description", a copy of which is attached as Exhibit C.

23. The Summary Plan Description does provide that the retirement benefits will be offset by *disability* payments made to plan participants. Nowhere in the Summary Plan Description does it state that there will be an offset for workers compensation benefits.

24. Plaintiff has requested a copy of the Plan repeatedly. Plaintiff's counsel also requested a copy of the plan on two occasions. See Exhibits D and E. Defendants have never provided a copy of the Plan despite their obligation to do so.

### AS AND FOR A FIRST CAUSE OF ACTION FOR DENIAL OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B):

25. Plaintiff repeats and re-alleges the allegations contained in Paragraphs "1" through "24" above as though fully restated here.

26. Plaintiff is a member and beneficiary of the Plan.

27. Plaintiff made a claim for retirement benefits under the Plan.

28. Plaintiff exhausted the Plan's administrative appeals process (and/or any further appeal would be futile given the Plan's failure to respond to plaintiff's appeal).

29. Plaintiff is entitled to $687.58 per month commencing September 2019.

30. Plaintiff was wrongly denied that benefit.

31. As a result, plaintiff has been damaged and seeks direct damages as well as attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION FOR FAILURE TO RESPOND TO REQUESTS FOR ERISA PLAN DOCUMENTS UNDER 29 U.S.C. § 1024(b)(4):

32. Plaintiff repeats and re-alleges the allegations contained in Paragraphs "1" through "24" above as though fully restated here.

33. Pursuant to 29 U.S.C. § 1024(b)(4) the Plan, upon written request of a participant or beneficiary, must furnish a copy of the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

34. Pursuant to 29 U.S.C. § 1132(c)(1), an administrator that fails to furnish such plan documents within 30 days of the request by a plan participant or beneficiary shall be liable in an amount of up to $110 per day.

35. Plaintiff requested the Plan documents on, at least, November 1, 2019, July 20, 2020, and September 10, 2020. The defendants have never provided these documents.

36. Accordingly, plaintiff is entitled to payment of $110 per day from December 1, 2020.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and/or severally, for the following relief:

a. Compensatory damages and attorney's fees;

b. Statutory damages pursuant to 29 U.S.C. § 1132(c)(1); and

b. Such other and further relief as this court deems just and proper.

Dated:   October 30, 2020
         Syracuse, New York

_____
Kelsey W. Shannon, Esq.
Bar Roll No. 520477
LYNN LAW FIRM LLP
Attorneys for Plaintiff
101 South Salina Street, Suite 750
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: kshannon@lynnlaw.com

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF ONONDAGA )

Larry Schuler, being duly sworn, says that he is the plaintiff in the above-named proceeding and that the foregoing Summons and Verified Complaint is true to the best of his knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, he believes them to be true.

_____
Larry Schuler

Sworn to before me this
____ day of October, 2020.

_____
Notary Public

KELSEY W. SHANNON
Notary Public-State of New York
No. 6360923
Qualified in Onondaga County
Commission Expires June 26, 2021